# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## TAMPA DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | **JUDGMENT IN A CRIMINAL CASE** |
| v. | CASE NUMBER: 8:13-cr-45-T-26TBM <br> USM NUMBER: 58142-018 |
| ADAM ORT | Defendant's Attorney: Lisa McLean (Ret.) |

**THE DEFENDANT:**

X  pleaded **Guilty** to Count(s) One of the Information.
\_ pleaded nolo contendere to count(s) which was accepted by the court.
\_ was found guilty on count(s) after a plea of not guilty.

| TITLE & SECTION | NATURE OF OFFENSE | OFFENSE ENDED | COUNT |
|---|---|---|---|
| 18 U.S.C. § 1349 | Conspiracy to commit Wire Fraud affecting a financial institution | 2008 | One |

The defendant is sentenced as provided in pages 2 through 12 of this judgment. The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

\_ The defendant has been found not guilty on count(s)
\_ Count(s) (is)(are) dismissed on the motion of the United States.

IT IS FURTHER ORDERED that the defendant shall notify the United States Attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this judgment are fully paid.
If ordered to pay restitution, the defendant shall notify the court and United States Attorney of any material change in economic circumstances.

Date of Imposition of Sentence: August 16, 2013

**RICHARD A. LAZZARA**
**UNITED STATES DISTRICT JUDGE**
DATE: August 16, 2013

## IMPRISONMENT

The defendant is hereby committed to the custody of the United States Bureau of Prisons to be imprisoned for a total term of **FORTY TWO (42) MONTHS** as to Count One of the Information.

Defendant shall be given credit toward the service of a term of imprisonment for any time he/she has spent in official detention prior to the date the sentence commences -- (1) as a result of the offense for which the sentence was imposed; or (2) as a result of any other charge for which the Defendant was arrested after the commission of the offense for which the sentence was imposed; that has not been credited against another sentence. 18 U.S.C. § 3585(b).

__X__ The court makes the following recommendations to the Bureau of Prisons: FCI facility located in Miami, Florida.

__ The defendant is remanded to the custody of the United States Marshal.
__ The defendant shall surrender to the United States Marshal for this district.

  __ at __ a.m./p.m. on __.
  __ as notified by the United States Marshal.

__X__ The defendant shall surrender for service of sentence at the institution designated by the Bureau of Prisons but not before 60 days.

  __ before 2 p.m. on __.
  __X__ as notified by the United States Marshal.
  __ as notified by the Probation or Pretrial Services Office.

## RETURN

I have executed this judgment as follows:

_____
_____
_____

Defendant delivered on _____ to _____

at_____, with a certified copy of this judgment.

United States Marshal

By:_____
Deputy Marshal

# SUPERVISED RELEASE

Upon release from imprisonment, the defendant shall be on supervised release for a term of FIVE (5) YEARS.

The defendant shall report to the probation office in the district to which the defendant is released within 72 hours of release from the custody of the Bureau of Prisons.

The defendant shall not commit another federal, state, or local crime.
The defendant shall not illegally possess a controlled substance. The defendant shall refrain from any unlawful use of a controlled substance. The defendant shall submit to one drug test within 15 days of release from imprisonment and at least two periodic drug tests thereafter, not to exceed 104 tests per year.

X   The mandatory drug testing provisions of the Violent Crime Control Act are waived. However, the court authorizes the Probation Office to conduct random drug testing not to exceed 104 tests per year.

X   The defendant shall cooperate in the collection of DNA as directed by the probation officer.

If this judgment imposes a fine or a restitution it is a condition of supervised release that the defendant pay in accordance with the Schedule of Payments sheet of this judgment.

The defendant shall comply with the standard conditions that have been adopted by this court as well as with any additional conditions on the attached page.

## STANDARD CONDITIONS OF SUPERVISION

1) the defendant shall not leave the judicial district without the permission of the court or probation officer;

2) the defendant shall report to the probation officer in a manner and frequency directed by the court or probation officer;

3) the defendant shall answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer;

4) the defendant shall support his or her dependents and meet other family responsibilities;

5) the defendant shall work regularly at a lawful occupation, unless excused by the probation officer for schooling, training, or other acceptable reasons;

6) the defendant shall notify the probation officer at least ten days prior to any change in residence or employment;

7) the defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any controlled substance or any paraphernalia related to any controlled substances, except as prescribed by a physician;

8) the defendant shall not frequent places where controlled substances are illegally sold, used, distributed, or administered;

9) the defendant shall not associate with any persons engaged in criminal activity and shall not associate with any person convicted of a felony, unless granted permission to do so by the probation officer;

10) the defendant shall permit a probation officer to visit him or her at any time at home or elsewhere and shall permit confiscation of any contraband observed in plain view of the probation officer;

11) the defendant shall notify the probation officer within seventy-two hours of being arrested or questioned by a law enforcement officer;

12) the defendant shall not enter into any agreement to act as an informer or a special agent of a law enforcement agency without the permission of the court;

13) as directed by the probation officer, the defendant shall notify third parties of risks that may be occasioned by the defendant's criminal record or personal history or characteristics and shall permit the probation officer to make such notifications and to confirm the defendant's compliance with such notification requirement.

# SPECIAL CONDITIONS OF SUPERVISION

The defendant shall also comply with the following additional conditions of supervised release:

__X__  The defendant shall provide the probation officer access to any requested financial information.

__X__  The defendant shall be prohibited from incurring new credit charges, opening additional lines of credit, acquisitions or obligating himself/herself for any major purchases without approval of the probation officer.

# CRIMINAL MONETARY PENALTIES

The defendant must pay the total criminal monetary penalties under the schedule of payments on Sheet 6.

|  | **Assessment** | **Fine** | **Total Restitution** |
|---|---|---|---|
| Totals: | $100.00 | Waived | $7,469,730.00 |

\_  The determination of restitution is deferred until \_\_\_. An *Amended Judgment in a Criminal Case* (AO 245C) will be entered after such determination.

\_  The defendant must make restitution (including community restitution) to the following payees in the amount listed below.

\_  If the defendant makes a partial payment, each payee shall receive an approximately proportioned payment, unless specified otherwise in the priority order or percentage payment column below. However, pursuant to 18 U.S.C. § 3664(i), all non-federal victims must be paid before the United States.

| **Name of Payee** | **Amount of Restitution Ordered** | **Priority Order or Percentage of Payment** |
|---|---|---|
| c/o Debt Collection<br>Clerk of U.S. District Court<br>401 West Central Blvd.<br>Orlando, Florida 32801<br>(See attachment of victim list for distribution) | $7,469,730.00 | |
| Totals: | $7,469,730.00 | |

\_  Restitution amount ordered pursuant to plea agreement  $ _____.

\_  The defendant shall pay interest on any fine or restitution of more than $2,500, unless the restitution or fine is paid in full before the fifteenth day after the date of the judgment, pursuant to 18 U.S.C. § 3612(f). All of the payment options on Sheet 6 may be subject to penalties for delinquency and default, pursuant to 18 U.S.C. § 3612(g).

\_  The court determined that the defendant does not have the ability to pay interest and it is ordered that:

\_  the interest requirement is waived for the \_\_\_ fine \_\_\_ restitution.

\_  the interest requirement for the \_\_\_ fine \_\_\_ restitution is modified as follows:

\* Findings for the total amount of losses are required under Chapters 109A, 110, 110A, and 113A of Title 18 for the offenses committed on or after September 13, 1994, but before April 23, 1996.

## SCHEDULE OF PAYMENTS

Having assessed the defendant's ability to pay, payment of the total criminal monetary penalties are due as follows:

A. __X__ Lump sum payment of $ __100.00__ due immediately.

   balance due: ___ not later than _____, or

   ___ in accordance ___ C, ___ D, ___ E or ___ F below; or

B. ___ Payment to begin immediately (may be combined with ___ C, ___ D, or ___ F below); or

C. ___ Payment in equal _____ (e.g., weekly, monthly, quarterly) installments of $ _____ over a period of _____ (e.g., months or years), to commence _____ days (e.g., 30 or 60 days) after the date of this judgment; or

D. ___ Payment in equal _____ (e.g., weekly, monthly, quarterly) installments of $ _____ over a period of _____, (e.g., months or years) to commence _____ (e.g. 30 or 60 days) after release from imprisonment to a term of supervision; or

E. ___ Payment during the term of supervised release will commence within _____ (e.g., 30 or 60 days) after release from imprisonment. The court will set the payment plan based on an assessment of the defendant's ability to pay at that time, or

F. __X__ Special instructions regarding the payment of criminal monetary penalties: While in Bureau of prisons custody, you shall either (1) pay at least $25 quarterly if you have a non-Unicor job or (2) pay at least 50% of his monthly earnings if you have Unicor Job. Unop release from custody, you shall pay restitution at the rate of 10% of your net income per month. At any time during the course of post-release supervision, the victim, the government, of the defendant, may notify the Court of material change in the defendant's ability to pay, and the Court may adjust the payment schedule accordingly.

Unless the court has expressly ordered otherwise, if this judgment imposes a period of imprisonment, payment of criminal monetary penalties is due during imprisonment. All criminal monetary penalties, except those payments made through the Federal Bureau of Prisons' Inmate Financial Responsibility Program, are made to the clerk of the court.

The defendant shall receive credit for all payments previously made toward any criminal monetary penalties imposed.

__X__ Joint and Several

Defendant and Co-Defendant Names and Case Numbers (including defendant number), Total Amount, Joint and Several Amount, and corresponding payee, if appropriate:

$7,469,730.00 payable to the Clerk, U.S. District Court for distribution to the victims shall be paid jointly and severally with Defendant Adam Ort, 8:13-cr-45-T-26TBM; with Joseph Daniele, 8:13-cr-136-T-17TBM; Michael Jordan, 8:13-cr-57-T-23EAJ;Misty Rudd, 8:13-cr-11-T-26TBM; and any other convicted co-conspirators.

___ The defendant shall pay the cost of prosecution.

___ The defendant shall pay the following court cost(s):

__X__ The defendant shall forfeit the defendant's interest in the following property to the United States: [SEE ATTACHED ORDER OF FORFEITURE IN THE AMOUNT OF $7,469,730.00 AT DKT #28]

Payments shall be applied in the following order: (1) assessment, (2) restitution principal, (3) restitution interest, (4) fine principal, (5) community restitution, (6) fine interest (7) penalties, and (8) costs, including cost of prosecution and court costs.

Defendant: Adam Ort
Docket No: 8:13-CR-45-T- 26TBM     Victim List

| Lender | Restitution |
|---|---|
| 1) 1st Mariner Bank<br><br>C/O OneWest Bank<br>888 East Walnut Street<br>Pasadena, CA 91101 | $ 306,113 |
| 2) Accredited Home Lenders<br><br>C/O JPMorgan Chase<br>270 Park Ave New York, NY 10017 | $ 115,338 |
| 3) Aegis Wholesale Corporation<br><br>11381 Meadowglen Lane<br>Suite 1,<br>Houston, Texas 77082 | $ 109,883 |
| 4) American Mortgage Express Corp<br><br>C/O U.S. Bancorp<br>U.S. Bancorp Center 800 Nicollet Mall Minneapolis, MN 55402 | $ 104,611 |
| 5) American Pioneer Financial Services, Inc<br><br>C/O Deutsche Bank<br>60 Wall Street, New York, NY, USA | $ 70,200 |
| 6) Argent Mortgage Company<br><br>Mail Station 140<br>1000 Technology Drive,<br>O'Fallon, Missouri 63368 | $ 60,200 |
| 7) Baltimore American Mortgage Corp<br><br>C/O GMAC Mortgage<br>1100 Virginia Dr<br>Fort Washington, PA 19034 | $ 86,283 |
| 8) BNC Mortgage Inc<br><br>C/O U.S. Bancorp<br>U.S. Bancorp Center 800 Nicollet Mall Minneapolis, MN 55402 | $ 113,100 |
| 9) BSM Financial<br><br>C/O U.S. Bancorp | $ 646,108 |

Defendant: Adam Ort
Docket No: 8:13-CR-45-T- 26TBM      Victim List

| | |
|---|---|
| U.S. Bancorp Center 800 Nicollet Mall Minneapolis, MN 55402 | |
| 10)Chapel Mortgage Corporation<br><br>C/O HSBC<br>1800 Tysons Blvd, Mc Lean, Virginia, 22102 | $ 19,100 |
| 11)Countrywide Bank<br><br>C/O Bank of America<br>100 North Tryon Street, Charlotte, NC 28202 | $ 109,080 |
| 12)Diversified Mortgage<br><br>C/O Select Portfolio Servicing<br>3815 SW Temple, Salt Lake City, UT 84115 | $ 348,990 |
| 13)First Consolidated Mortgage Co.<br><br>C/O Deutsche Bank<br>60 Wall Street New York, NY 10005 | $ 139,500 |
| 14)Homecomings Financial Network<br><br>1 Meridian Crossing<br>Suite 100,<br>Minneapolis, Minnesota 55423 | $ 119,300 |
| 15)IMPAC Funding Corp<br><br>C/O CitiBank<br>701 East 60th Street North, Sioux Falls, South Dakota, 57104 | $ 99,534 |
| 16)Indymac Bank<br><br>C/O OneWest Bank, FSB<br>888 East Walnut Street Pasadena, CA 91101 | $ 21,200 |
| 17)Lakeland Regional Mortgage Corp<br><br>C/O Bank of America<br>100 North Tryon Street, Charlotte, NC 28202 | $ 81,900 |
| 18)Lancaster Mortgage Bankers<br><br>C/O HSBC<br>1800 Tysons Blvd, Mc Lean, Virginia, 22102 | $ 604,145 |

Defendant: Adam Ort
Docket No: 8:13-CR-45-T- 26TBM        Victim List

| | |
|---|---|
| 19)Lancaster Mortgage Bankers, LLC<br><br>C/O HSBC<br>1800 Tysons Blvd, Mc Lean, Virginia, 22102 | $ 539,234 |
| 20)Lehman Brothers Bank<br><br>C/O Barclays Bank<br>200 Park Avenue New York, NY 10166 | $ 303,300 |
| 21)Long Beach Mortgage<br><br>C/O Deutsche Bank<br>60 Wall Street, New York, NY, USA | $ 347,450 |
| 22)Millenium Bank<br><br>C/O U.S. Bancorp<br>U.S. Bancorp Center 800 Nicollet Mall Minneapolis, MN 55402 | $ 308,792 |
| 23)Millenium Funding Group<br><br>C/O Roark Capital Group<br>1180 Peachtree Street NE<br>Suite 2500, Atlanta, Georgia 30309 | $ 178,903 |
| 24)People's Choice Home Loan<br><br>C/O Bank of America<br>100 North Tryon St, Charlotte, North Carolina, 28202 | $ 112,007 |
| 25)South Trust Mortgage<br><br>C/O U.S. Bancorp<br>U.S. Bancorp Center 800 Nicollet Mall Minneapolis, MN 55402 | $ 114,800 |
| 26)SunTrust Mortgage<br><br>303 Peachtree Street NE, Atlanta, GA 30308 | $  68,200 |
| 27)The Mortgage Store Financial<br><br>C/O OneWest Bank, FSB<br>888 East Walnut Street, Pasadena, CA 91101 | $ 205,252 |
| 28)Washington Mutual Bank<br><br>C/O JP Morgan Chase | $ 133,000 |

Defendant: Adam Ort
Docket No: 8:13-CR-45-T- 26TBM     Victim List

| | |
|---|---|
| 270 Park Ave New York, NY 10017 | |
| 29) Wells Fargo<br><br>2700 South Price Road<br>Chandler, Arizona 85286 | $ 169,395 |
| 30) Wells Fargo Bank<br><br>2700 South Price Road<br>Chandler, Arizona 85286 | $1,604,900 |
| 31) Wells Fargo Home Mortgage<br><br>C/O Deutsche Bank<br>60 Wall Street, New York, NY, USA | $ 229,912 |
| **Total Loss and Restitution** | **$7,469,730.00** |

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

UNITED STATES OF AMERICA

v.  Case No. 8:13-cr-45-T-26TBM

ADAM ORT

### FORFEITURE MONEY JUDGMENT

THIS CAUSE comes before the Court upon the United States' Motion for a Forfeiture Money Judgment in the amount of $7,469,730.00.

Being fully advised of the relevant facts, the Court hereby finds that at least $7,469,730.00 in proceeds was obtained from the wire fraud conspiracy affecting a financial institution to which the defendant pled guilty in Count One.

Accordingly, it is hereby:

ORDERED, ADJUDGED, and DECREED that for good cause shown, the United States' motion is GRANTED.

It is FURTHER ORDERED that, pursuant to 18 U.S.C. § 982(a)(2)(A) and Rule 32.2(b)(2) of the Federal Rules of Criminal Procedure, the defendant shall be held jointly and severally liable for a money judgment in the amount of $7,469,730.00 with convicted co-conspirators Michael Jordan in *U.S. v. Jordan*, Case No. 8:13-cr-57-T-23EAJ, Misty Rudd in *U.S. v. Rudd*, Case No. 8:13-cr-11-T-26EAJ, and any other subsequently convicted co-conspirators.

It is FURTHER ORDERED that, upon entry of this order, it shall become a final order of forfeiture as to the defendant.

The Court retains jurisdiction to address any third party claim that may be asserted in these proceedings, to enter any further order necessary for the forfeiture and disposition of such property, and to order any substitute assets forfeited to the United States up to the amount of the forfeiture money judgment.

DONE and ORDERED in Tampa, Florida, this __16__ day of ____August___, 2013.

_____
RICHARD A. LAZZARA
UNITED STATES DISTRICT JUDGE

Copies to:
Natalie Hirt Adams, AUSA
Counsel of Record